PRESCOTT & WHITE'S FERRY ROAD IMPROVEMENT DISTRICT v. FRANKS.

Opinion delivered January 31, 1921.

HIGHWAYS—DISAPPROVAL OF PLANS BY COUNTY COURT—WHEN NOT ARBITRARY.—Evidence that the county court's refusal to approve plans for the improvement of a highway, authorized by Acts 1920, No. 118, § 6, was based on the fact that the cost of the proposed improvement would be burdensome and prohibitive *held* to show that the court's disapproval of the plans was not arbitrary.

Appeal from Nevada Circuit Court; *C. W. Smith,* Judge on exchange; affirmed.

*C. C. Hamby* and *R. P. Hamby,* for appellant.

1. The action of the county court and the circuit court was arbitrary. The allegation that the lands were too remote and inaccessible to be benefited is unsupported by the proof. Legislative determination that property will not be benefited will not be inquired into unless it can be shown that such determination is so arbitrary as to amount to confiscation. 139 Ark. 341; 216 S. W. 690; 218 *Id.* 375; 113 Ark. 193; 123 *Id.* 327.

2. The plans provide for 550 feet of wooden bridges, but this is no reason why the plans should be disapproved; the commissioners' demurrer should have been

sustained. The county court can not set aside the judgment of the commissioners and engineers and the action of the State Highway Commission unless it clearly appears that their judgment is manifestly wrong. 218 S. W. 385.

3. The overlapping of districts does not render the cost greater than benefits received. Lands may be placed in more than one district. 139 Ark. 524, 341; *Ib.* 153, 168. The objection is premature. 140 Ark. 115; 216 S. W. 690. The objection of property owners to improvement was demurrable and demurrer properly sustained. The assessment of benefits was not unequal and unjust. The Legislature may fix the annual maximum levy of benefits. 139 Ark. 525. Uniformity of taxation as provided in our Constitution refers only to general taxes and not to special assessments for local improvements. 56 Ark. 354; 86 *Id.* 109; 96 *Id.* 410; 87 *Id.* 8. No assessments having been made, the question is raised prematurely. 219 S. W. 755; 216 *Id.* 690; 138 *Id.* 341.

The act is not void because it conflicts with jurisdiction of county court. This is well settled and needs no citations. The act was properly passed, as the journals show, and this was the best evidence. 220 S. W. 57; 139 Ark. 595; 44 *Id.* 536; 40 *Id.* 200; 51 *Id.* 559.

The court erred in refusing the commissioners' declarations of law and finding of facts. Appeals can be taken from the judgment of the county court declining to approve plans. 140 Ark. 168. The action of the circuit court in disapproving the plans should be reversed.

*J. O. A. Bush,* for appellee.

The action of the county court and circuit court was not arbitrary. The matters set up in the answer as a defense are fully sustained by the evidence. The county judge was not willing to approve the plans, and his reasons are ample and sufficient and not arbitrary. The circuit court sustained his action, and no error is shown, but the judgment is clearly sustained by the law and evidence.

HART, J. This is an appeal by the commissioners of a road improvement district from the judgment of the circuit court affirming the action of the county court in disapproving the plans and specifications filed by the commissioners for the construction of the proposed improvement.

The judgment is sought to be reversed on the ground that the action of the county court and the circuit court was arbitrary.

The special session of the Arkansas Legislature held in 1920 passed an act to create the Prescott and White's Ferry Road Improvement District in Nevada County, Arkansas. The bill is No. 118 of the unpublished Acts of 1920, and was approved February 11, 1920. Boundaries of the district were designated in the act, and the road to be improved was described.

Section 5 of the act makes it the duty of the commissioners to improve the road by grading, draining, and surfacing it in such manner, and with such materials, as the commissioners shall deem best for the interest of the district, with full power to construct bridges, culverts, and necessary appurtenances to the road.

The section further provides that the several parts of the road may be surfaced with such different materials as the commissioners shall see fit. It also provides for changes in the route of the road, to be approved by the county court and laid out by it as county roads are laid out.

Section 6 provides that the commissioners shall file their plans, when completed, with the county clerk of Nevada County. The section further provides that, if the county court shall approve the plans, as filed, it shall enter an order to that effect, which shall have the force of a judgment. It also provides that, if the county court shall disapprove the plans, it shall enter an order to that effect, and appeals from such order may be taken by the commissioners to the circuit court to be there tried *de novo* before the circuit court sitting as a jury.

Thus it will be seen that the commissioners are given great discretion as to the kind and character of the improvement to be made in the road. They have full power to grade, construct, and surface the road with such materials as they shall deem best for the interest of the district, and also to construct the necessary bridges and culverts. Their action, in this respect, however, is subject to the approval of the county court.

The county judge was a witness in the circuit court. According to his testimony, after the commissioners had filed their plans and specifications with him, he made an estimate of the proposed cost of the improvement, and found it to be so great that it would be very burdensome to the people interested, and would be prohibitive. The commissioners did not disagree with him that the cost of the road was prohibitive.

The plans and specifications showed wooden bridges, and one of them was 550 feet long. The county judge thought that this was another objection to making the improvement, because it would be better, in the long run, to have steel and concrete bridges and culverts. Another reason for disapproving the plans and specifications was, that the proposed road was near another county road which would have to be kept up by the same property owners.

The county judge, by virtue of his office, was necessarily familiar with the public roads of his county. According to his testimony, he knew and appreciated the necessity of improving the public roads and the ability of the property owners to pay for the same. He had the plans and specifications before him, and, when everything was considered, he deemed it to be to the best interest of the people not to carry out the proposed improvement.

The circuit court accepted his testimony as true, and acted upon it in trying the case *de novo*. The testimony is of such a substantial character as to form a basis for the action of the circuit court in affirming the judgment of the county court, and it can not therefore be said, in

view of all the surrounding facts and circumstances, that the ruling of the circuit court was arbitrary, and without substantial evidence to support it.

It follows that the judgment will be affirmed.